GERALD WOOD AND VIRGINIA WOOD, APPELLANTS, v. STATE FARM MUTUAL INSURANCE COMPANY, RESPONDENT.

No. 18522

December 27, 1988 766 P.2d 269

*Joseph P. Reynolds*, Reno, for Appellants.

*Georgeson, McQuaid, Thompson & Angaran*, Reno, for Respondent.

## OPINION

*Per Curiam:*

On August 1, 1981, Mr. Raul Raya caused an automobile accident in which appellants were injured. Raya held a State Farm automobile insurance policy which provided third-party liability coverage on the car he was driving at the time of the accident. State Farm paid appellants the $100,000 coverage limit under that policy.

Raya also owned two other vehicles, each of which was covered by a separate State Farm third-party liability policy. Appellants brought this action, claiming, among other things, that State Farm should have paid them the liability coverage limits under all three of Raya's automobile insurance policies because the policies' antistacking provisions were not "in clear language" and "prominently displayed" as required by NRS 687B.145(1).[1]

---

[1]NRS 687B.145(1) provides:

> Any policy of insurance or endorsement providing coverage under the provisions of NRS 690B.020 or other policy of casualty insurance

The district court correctly determined that NRS 687B.145(1) does not apply to third-party liability coverage and granted State Farm's motion for summary judgment on that issue.

This court has determined "that stacking of . . . automobile coverage for bodily injury liability is inappropriate." Rando v. Calif. St. Auto. Ass'n, 100 Nev. 310, 313, 684 P.2d 501, 503 (1984). Because automobile liability coverage is not stackable, a "prominent" and "clear" policy anti-stacking provision pursuant to NRS 687B.145(1) would serve no purpose. The statute can have meaning only when applied to insurance coverage, such as uninsured motorist coverage, which is otherwise stackable. *See* Neumann v. Standard Fire Ins., 101 Nev. 206, 699 P.2d 101 (1985). Accordingly, we affirm the district court's grant of partial summary judgment.

YOUNG, A. .C. J., STEFFEN, SPRINGER and MOWBRAY, JJ., and ZENOFF, Sr. J.,[2] concur.

---

may provide that if the insured has coverage available to him under more than one policy or provision of coverage, any recovery or benefits may equal but not exceed the higher of the applicable limits of the respective coverages, and the recovery or benefits must be prorated between the applicable coverages in the proportion that their respective limits bear to the aggregate of their limits. Any provision which limits benefits pursuant to this section must be in clear language and be prominently displayed in the policy, binder or endorsement. Any limiting provision is void if the named insured has purchased separate coverage on the same risk and has paid a premium calculated for full reimbursement under that coverage.

