STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant, v. LYNN KNAUSS and CORY KNAUSS, Husband and Wife, Respondents.

No. 19433

June 30, 1989                    775 P.2d 707

*Pearson & Patton,* Las Vegas, for Appellant.

*Albert D. Massi* and *Allen A. Cap,* Las Vegas, for Respondents.

## OPINION

*Per Curiam:*

On December 29, 1986, Lynn Knauss, while driving a 1976 Cadillac, was involved in an automobile accident. As a result of the accident, Knauss incurred medical expenses in excess of $5,000.

At the time of the accident, Knauss owned three State Farm automobile insurance policies. One policy covered the Cadillac; the other two policies covered separate Knauss family vehicles. Each policy provided for up to $5,000 in medical payments coverage.

Knauss' three State Farm policies contain language which purport to preclude Knauss from recovering medical benefits under any policy other than the one covering the particular car in which she suffered an injury. Knauss maintains, however, that these anti-stacking provisions are invalid and that she is entitled to medical payments coverage under all three of her State Farm policies. We agree.

NRS 687B.145(1) allows insurance companies to prohibit the stacking of uninsured motorist or "other casualty insurance" coverage only when such limiting provisions are "in clear language" and are "prominently displayed in the policy."[1] First party medical payments coverage is among the types of "other casualty insurance" contemplated by this statutory provision. *See* NRS 681A.020.[2] Thus, insurance policy anti-stacking provisions are valid limits on the stacking of medical payments coverage only to the extent that they conform to the statute's clarity and prominence requirements.

The stacking restrictions in Knauss' State Farm policies consist of a series of five provisions. However, none of the five provisions standing alone suggests to the insured that her medical coverage is not stackable. It is only after piecing together these

---

[1]NRS 687B.145(1) provides:

> Any policy of insurance or endorsement providing coverage under the provisions of NRS 690B.020 or other policy of casualty insurance may provide that if the insured has coverage available to him under more than one policy or provision of coverage, any recovery or benefits may equal but not exceed the higher of the applicable limits of the respective coverages, and the recovery or benefits must be prorated between the applicable coverages in proportion that their respective limits bear to the aggregate of their limits. Any provision which limits benefits pursuant to this section must be in clear language and be prominently displayed in the policy, binder or endorsement. Any limiting provision is void if the named insured has purchased separate coverage on the same risk and has paid a premium calculated for full reimbursement under that coverage.

[2]Although casualty insurance, as defined in NRS 681A.020, includes any medical benefits incident to a "vehicle" insurance policy, we have previously concluded that NRS 687B.145(1) is applicable only to those types of "casualty insurance" provisions which afford "first party coverage" or are "otherwise stackable." *See* Wood v. State Farm Mut. Ins., 104 Nev. 735, 766 P.2d 269 (Adv. Op. No. 122, December 27, 1988) (third party liability coverage is not stackable and, thus, is not subject to NRS 687B.145(1)); Beeny v. California State Auto. Ass'n, 104 Nev. 1, 752 P.2d 756 (Adv. Op. No. 1, March 30, 1988) ("Third party" medical payments coverage is *not* stackable).

five provisions (each from a separate page of the policy) that the insured can understand that the medical payments coverage in each separate policy is available only for injuries sustained in the particular car listed on the front of that policy.

The five-part conundrum does not satisfy the statutory requirements of clear and prominently displayed stacking limitations. Accordingly, State Farm's attempt to prevent the stacking of medical payments coverage must fail. *See* Neumann v. Standard Fire Ins. Co., 101 Nev. 206, 699 P.2d 101 (1985).

For the foregoing reasons, we affirm the district court's grant of summary judgment.