FARMERS INSURANCE GROUP, Appellant, *v.* JENNI-
FER STONIK, a Minor by and Through Her Guard-
ian Ad Litem, JOHN STONIK, LAURA LEA
MALESKI, JAMES MALESKI, and DORIS MALESKI,
Respondents.

No. 24001

January 20, 1994          867 P.2d 389

*Thorndal, Backus, Maupin & Armstrong,* and *William R. Kil-
lip, Jr.,* Las Vegas, for Appellant.

*Galatz, Earl & Bulla,* Las Vegas, for Respondent Stonik.

*Thompson & Harper* and *Brent D. Percival* and *Mark Patter-
son,* Las Vegas, for Respondents Maleski.

## OPINION

*Per Curiam:*

### FACTS

This case involves interpreting language appearing in an automobile insurance contract. The following facts are not in dispute.

Co-respondents James and Doris Maleski ("the Maleskis") owned three vehicles insured by Farmers Insurance Group ("Farmers"). All three insurance contracts contained identical language with one key exception: the Maleskis' 1987 Ford Ranger carried bodily injury payout limitations of only $15,000 per person and $30,000 per accident. The Maleskis' two other vehicles, a Mustang and a Ranchero, were insured up to $30,000 per person and $60,000 per accident.

In August 1990, co-respondent Jennifer Stonik ("Stonik") was riding in the Ford Ranger driven by the Maleskis' daughter, Laura Lea. Laura Lea ran a stop sign and the Ford Ranger collided with another vehicle. Stonik was seriously injured in the accident and filed a tort claim against the Maleskis and their daughter.

Farmers subsequently filed a declaratory action to clarify a dispute regarding the available coverage for the Ford Ranger accident. Both Stonik and the Maleskis answered. At issue was the following pertinent language appearing in the Ford Ranger policy. Under the exclusions section, language informed the insured that liability coverage was not available for injuries occurring in a vehicle other than "your insured car":

This coverage does not apply to:

. . . .

10. **Bodily injury** or **property damage** arising out of the ownership, maintenance or use of any vehicle other than **your insured car,** which is owned by or furnished or available for regular use by you or a **family member.**

(Emphasis in original.)

The definitions section of the policy defined "your insured car" as follows:

**Your insured car** means:

1. The vehicle described in the Declarations of this policy or any **private passenger car** or **utility car** with which you replace it. You must advise us within thirty (30) days of any change of **private passenger** car or **utility car.** If your policy term ends more than thirty (30) days after the change, you can advise us anytime before the end of that term.

(Emphasis in original.)

Finally, the limits of liability section informed the insured that whenever there was some other "applicable" Farmers insurance coverage, the insured was entitled to the highest payment limitations of all such applicable policies:

If any *applicable* insurance other than this policy is issued to you by us or any other member company of the Farmers Insurance Group of Companies, the total amount payable among all such policies shall not exceed the limits provided by the single policy with the highest limits of liability.

(Emphasis added.) This latter portion of the policy language is central to the issues on appeal. Therefore, we hereinafter refer to this clause as the OTHER APPLICABLE INSURANCE CLAUSE.

Asserting competing interpretations of the policy language, all parties requested summary judgment in the district court. Farmers argued that the exclusionary language clearly stated that there was no insurance available for an accident occurring in a vehicle other than "your insured car" or the car described by "this policy." Hence, because the accident involved only the Maleskis' Ford Ranger, coverage was limited by the $15,000/$30,000 figures appearing in the Ford Ranger insurance contract. Conversely, Stonik claimed that she was entitled to benefits from all three policies because she was suing both the Maleskis and their daughter. In turn, the Maleskis argued that coverage limitations were established by an aggregate of the three policies.

The district court specifically rejected both Stonik's and the

Maleskis' arguments. The court held that Nevada's common law prohibition against liability insurance stacking would not allow Stonik to obtain benefits from all three policies. The court also concluded that the policy language clearly stated that the Ford Ranger contract was the only source of liability coverage for the subject accident. The Mustang and Ranchero policies did not provide coverage.

Finally, in conflict with these other findings, the court held that all three of the Farmers policies were "applicable" within the meaning of the OTHER APPLICABLE INSURANCE CLAUSE. Thus, the Maleskis could substitute the higher payout limitations from the Mustang and Ranchero policies for those limitation amounts appearing in the Ford Ranger insurance contract. As a result, the court concluded that there was $30,000/$60,000 in available liability coverage.

## DISCUSSION

Fundamental tenets of insurance law govern this court's interpretation of insurance contract language. An insurance policy is a contract of adhesion and should be interpreted broadly, affording the greatest possible coverage to the insured. Harvey's Wagon Wheel v. MacSween, 96 Nev. 215, 219-20, 606 P.2d 1095, 1098 (1980). Any ambiguity in an insurance contract must be interpreted against the drafting party and in favor of the insured. Neumann v. Standard Fire Ins., 101 Nev. 206, 209, 699 P.2d 101, 104 (1985) (citing Yosemite Ins. Co. v. State Farm Mut., 98 Nev. 460, 653 P.2d 149 (1982)).

Yet in spite of these axioms, this court will not rewrite contract provisions that are otherwise unambiguous. In addition, we will not increase an obligation to the insured where such was intentionally and unambiguously limited by the parties. Senteney v. Fire Ins. Exchange, 101 Nev. 654, 707 P.2d 1149 (1985).

Farmers argues that the district court erred by interpreting the OTHER APPLICABLE INSURANCE CLAUSE to mean that the $30,000/$60,000 limitations of the Maleskis' two other automobile insurance policies (Mustang and Ranchero) were applicable to the Ford Ranger accident. Farmers claims that before these policies can apply and trigger a replacement of limitation amounts, the two policies must first provide coverage for the accident. This position rests upon the premise that each Farmers

policy at issue insures only a particular vehicle and not an individual driver.

We agree. The exclusionary language clearly states that bodily injury coverage is not provided for injuries occurring in a vehicle "other than your insured car." Your insured car is defined in the definitions section as "[t]he vehicle described in the Declarations of this policy." We conclude that this language plainly limits liability by those amounts appearing in the insurance contract covering the accident vehicle. Therefore, the only policy that provided coverage for the Ford Ranger accident was the Ford Ranger contract. The Mustang and Ranchero policies did not provide coverage benefits.

Consistent with this position, we cannot conclude that these same two policies (Mustang and Ranchero) were "applicable" for substitution of limitations purposes described by the OTHER APPLICABLE INSURANCE CLAUSE. The language of the policy does not allow the insureds to increase the listed policy limits simply because they have separate and more fruitful Farmers coverage.

In Shefner v. Illinois Farmers Ins. Co., 611 N.E.2d 626 (Ill.App.Ct. 1993), the Illinois Court of Appeals recently examined this issue and held in favor of the insurer. There, the Shefners owned two vehicles insured by Farmers Insurance Company. The two policies were identical except for the fact that the Shefners' Skylark had uninsured policy limits of $50,000 and their Corsica had uninsured policy limits of $100,000. While driving in the Skylark, the Shefners were involved in a collision with an uninsured driver. Relying upon contract language identical to that at issue in the instant case,[1] the Shefners argued that they were entitled to replace the $50,000 limitations appearing in the accident vehicle's policy (Skylark) for the $100,000 limits appearing in their other Farmers Insurance Company policy (Corsica). They would therefore be able to reap higher uninsured motorist benefits from the non-accident vehicle's policy.

The Illinois Court of Appeals rejected the argument, reasoning that the contract language unambiguously required that the other

---

[1]Paragraph number five of the Shefners' policy stated:

> 5. If any applicable insurance other than this policy is issued to you by us or any other member company of the Farmers Insurance Group of Companies, the total amount payable among all such policies shall not exceed the limits provided by the single policy with the highest limits of liability.

*Id.* at 628.

insurance policy (Corsica) provide coverage before a replacement of higher payout limitations was available:

> Paragraph No. 5 [the OTHER APPLICABLE INSURANCE CLAUSE] limits plaintiffs' recovery to the highest amount provided by any *applicable* insurance policies defendant [Farmers] issued plaintiffs. Thus, *if* both policies apply to the accident, plaintiffs may elect the $100,000 coverage of the Corsica policy. Plaintiffs' argument begs the question central to this case—whether the Corsica policy is "applicable" here. The issue is not whether plaintiffs may stack two applicable policies, but whether both policies are applicable.

*Id.* at 629 (emphasis in original).

In light of this conclusion, the *Shefner* court then examined other pertinent policy language informing the insured that coverage was not provided for a vehicle "other than your insured car." *Id.* Based thereupon, the court held that the policies at issue only provided coverage to the vehicle and not the driver. The Corsica was not the accident vehicle, the Corsica policy did not provide coverage, and therefore the Corsica policy did not fall within the language of the OTHER APPLICABLE INSURANCE CLAUSE. Consequently, the Shefners could not replace the lower limitation amount appearing in the Skylark policy ($50,000) for the higher figure in the Corsica insurance contract ($100,000). *Id.* at 632.

In addition to the foregoing analysis and authority, our conclusion is also supported by public policy considerations. If we were to accept the co-respondents' claims on appeal, the practical effect would allow the Maleskis to obtain higher coverage benefits merely because they insured more than one car with Farmers. Surely, the language of the insurance contract and the expectations of the respective parties could not contemplate such an unreasonable result. *See* Rando v. Calif. St. Auto. Ass'n, 100 Nev. 310, 316, 684 P.2d 501, 505 (1984) (referencing same public policy considerations in prohibiting stacking of liability insurance coverage).

As a final point requiring some consideration, both Stonik and the Maleskis cite this court's opinion in Torres v. Farmers Insurance Exchange, 106 Nev. 340, 793 P.2d 839 (1990), for the position that the OTHER APPLICABLE INSURANCE CLAUSE is ambiguous. In light of this alleged ambiguity, co-respondents assert that the coverage limitations were properly expanded by the district court.

Reliance on *Torres* is misplaced. In *Torres,* this court held that an anti-stacking endorsement was invalid for the purposes of

NRS 687B.145(1).[2] Although the *Torres* court considered language identical to the language at issue here, the factual climate of the decision is fundamentally different from the case at bar. In *Torres,* this court was examining an uninsured motorist anti-stacking clause in light of a specific statutory requirement. In addition, the court was interpreting an exclusion or a prohibitory clause of an insurance contract.

Conversely, the clause at issue in this appeal deals with liability coverage and is not specifically governed by the requirements of a Nevada statute. Moreover, unlike uninsured motorist coverage, there is a Nevada common law prohibition against liability insurance stacking. As reasoned above, the same public policy considerations against stacking liability coverage militate against expanding coverage benefits in the instant case. Finally, the clause at issue in this appeal is not a prohibitory clause. Rather, co-respondents are attacking the OTHER APPLICABLE INSURANCE CLAUSE to give the particular language effect and expand limitation amounts. Unlike the litigants in *Torres,* the Maleskis and Stonik do not seek a part and parcel invalidation of the OTHER APPLICABLE INSURANCE CLAUSE.

The point of this analysis is to convey that the *Torres* decision is inapposite. In the absence of any controlling authority, we conclude that co-respondents cannot evade the limitation amounts appearing in the Ford Ranger insurance contract. Our conclusion is supported by a plain reading of the policy language and public policy rationale.

In accordance with the foregoing, we reverse the lower court's summary judgment ruling. Coverage limits for the Maleskis' accident were established by the $15,000/$30,000 figures appearing in the Ford Ranger insurance contract.

---

[2]NRS 687B.145(1) enables an insurer to prohibit stacking of *uninsured* motorist coverage benefits if the anti-stacking language is "clear" and "prominently displayed in the policy."