**Richard W. CARR, Jr., DMD, Plaintiff—Appellant,**

v.

**PAUL REVERE LIFE INSURANCE COMPANY, Defendant— Appellee.**

No. 00–16542.

D.C. No. CV–99–00762–PMP.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 7, 2001.*

Decided Jan. 10, 2002.

Before BRUNETTI, KLEINFELD, and THOMAS, Circuit Judges.

MEMORANDUM **

Appellant Richard W. Carr, Jr., a pediatric dentist, appeals the district court's grant of summary judgment against him, and for Appellee Paul Revere Life Insurance Company, on Carr's claims of breach of contract, unfair claims practices, and tortious bad faith breach of insurance policy. Finding no genuine issue of material fact,[1] we affirm.

The terms at issue in Dr. Carr's insurance policies were not ambiguous.[2] The plain language of the contracts differentiates a "partial" or "residual" from a "total" disability on the basis of whether or not the insured is able to "perform the important duties of [his] Occupation." During the time period at issue in this litigation, Dr. Carr continued his practice as a pediatric dentist and was thus not totally disabled under the meaning of his insurance policies. Paul Revere, in paying him partial disability benefits rather than total disability benefits, did not breach its contractual duties.

Because summary judgment may be affirmed on any ground supported by the record,[3] we do not address Dr. Carr's claim as to the meaning of the incontestability clause in his insurance policies.

AFFIRMED.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. *See Delta Savings Bank v. United States*, 265 F.3d 1017, 1021 (9th Cir.2001).

2. *See Farmers Insurance Group v. Stonik*, 110 Nev. 64, 867 P.2d 389, 391 (Nev.1994).

3. *Guidroz–Brault v. Missouri Pac. R.R. Co.*, 254 F.3d 825, 829 (9th Cir.2001).