Richard W. CARR, Jr., Plaintiff—
Appellant,

v.

PROVIDENT LIFE AND ACCIDENT
INSURANCE COMPANY,
Defendant—Appellee.

No. 03–15356.

D.C. No. CV–01–00638–LDG.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 16, 2004.

Decided May 4, 2004.

Wendy E. Miller, Harold P. Gewerter, Harold P. Gewerter, Ltd., Las Vegas, NV, for Plaintiff–Appellant.

James F. Pico, Rebecca Mastrangelo, Pico & Mitchell, Las Vegas, NV, Robert

H. Hess, Robert J. McKennon, Barger & Wolen LLP, Irvine, CA, for Defendant–Appellee.

Before WALLACE, KOZINSKI, and GRABER, Circuit Judges.

### MEMORANDUM *

Plaintiff Richard W. Carr, Jr., timely appeals from the district court's dismissal of his complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

1. The district court properly dismissed Plaintiff's claim for total disability benefits on federal preclusion grounds. *Clark v. Columbia/HCA Info. Servs., Inc.*, 117 Nev. 468, 25 P.3d 215, 224 (2001) ("Federal law governs the collateral estoppel effect of a case decided by a federal court."). The holding in *Carr v. Paul Revere Life Insurance Co.*, 23 Fed.Appx. 857 (9th Cir.2002) (unpublished disposition), that Dr. Carr was *not* totally disabled when he quit working precludes his claim here that he *was* totally disabled when he quit working.

2. With respect to Plaintiff's claim for residual disability benefits, however, the district court erred. Residual disability benefits for the period relevant here were not at issue in the earlier litigation. Nor does the prior "total disability" holding control this issue: The fact that Dr. Carr was not totally disabled when he quit working did not cause the Provident policy to terminate, because Dr. Carr was under age 65. Additionally, on the pleadings it does not "appear[ ] beyond doubt that ... [P]laintiff can prove no set of facts in support of his claim [for residual disability benefits] which would entitle him to relief." *Roe v. City of San Diego*, 356 F.3d 1108, 1112 (9th Cir.2004) (internal quotation

marks omitted). There has been no factual finding as to when Dr. Carr's condition first manifested itself, and the policy is ambiguous regarding the availability of residual disability benefits to one who is not working.

AFFIRMED in part; REVERSED and REMANDED in part. The parties shall bear their own costs on appeal.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.