RAY V. ZOBRIST, Appellant, *v.* FARMERS INSURANCE EXCHANGE, Respondent.

No. 16931

March 31, 1987                                              734 P.2d 699

*Leavitt & Leavitt,* Las Vegas, for Appellant.

*Beckley, Singleton, DeLanoy, Jemison & List,* and *Daniel F. Polsenberg,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

Farmers Insurance Exchange (Farmers) insured several cars owned by Zobrist under a single policy with an underinsured motorist limit of $500,000. The policy also included an uninsured motorist exclusion for owned but uninsured cars. Zobrist collided with another car while driving his dune buggy, which was not insured under the policy. He received $15,000, the policy limit, from the other driver. Farmers and Zobrist stipulated that the total amount of damages exceeded this amount by $35,000.

The parties dispute the amount of underinsured motorist coverage available to Zobrist under Farmers' policy. Zobrist claims that the applicable policy limits for underinsured motorist coverage is equal to or exceeds $35,000. Farmers, on the other hand, contends that the underinsured motorist coverage is limited to $15,000, the minimum required by statute. Accordingly, Farmers paid $20,000 ($5,000 for interest and costs). On these stipulated facts, the district court granted summary judgment in favor of Farmers and held that under the insurance policy and NRS 690B.020, Farmers had no further obligation to Zobrist.

Nevada statutes require every motor vehicle liability policy to also provide coverage for accidents with uninsured vehicles. NRS 690B.020. The amount of coverage to be provided cannot be less than the $15,000 per person or $30,000 per accident required for liability insurance, but may be equal to the limits of liability coverage purchased by the policy holder. NRS 690B.020(2). Uninsured motorist provisions must also allow an insured to recover up to the limits of his policy any amount which exceeds the policy limits of the other driver. NRS 687B.145(2) (underinsured motorist coverage).

Zobrist contends that these statutes require Farmers to provide coverage up to his $500,000 policy limit regardless of whether he was driving a vehicle which was specifically excluded in his policy. Farmers, on the other hand, contends that the statutes only require Farmers to pay $15,000, and that the coverage exclusion is valid beyond the statutory minimum.

A "person insured" within the meaning of the uninsured motorist statutes cannot be excluded from coverage by provisions in the policy. State Farm Mut. Auto. Ins. v. Hinkel, 87 Nev. 478, 488 P.2d 1151 (1971). Nevertheless, an exclusionary clause is void only to the extent that it would defeat the minimum security required by statute but valid to prevent recovery in excess of the minimum. *See* Estate of Neal v. Farmers Ins. Exch., 93 Nev. 348, 566 P.2d 81 (1977); Transamerica Ins. v. State Farm Mut. Auto Ins., 492 F.Supp. 283 (D.Nevada 1980). We conclude that Farmers' exclusion of vehicles not insured under the policy is void to prevent payment of the statutory minimum ($15,000) but valid to restrict payment of any amount in excess thereof.

This conclusion balances state policy to provide minimum coverage to all persons with the reality of the need to pay a premium for insurance coverage. We affirm the decision of the district court.