THOMAS NELSON, Appellant, *v.* CALIFORNIA STATE AUTOMOBILE ASSOCIATION INTER-INSURANCE BUREAU, Respondent.

No. 29232

April 9, 1998                                                      956 P.2d 803

*Leverty & Associates* and *Matthew L. Sharp*, Reno, for Appellant.

*McKissick Van Walraven & Harris*, Reno, for Respondent.

## OPINION

*Per Curiam:*

The facts of this case are not in dispute. Appellant Thomas Nelson ("Nelson") insured two vehicles on a policy provided by respondent California State Automobile Association Inter-Insurance Bureau ("CSAA"). This policy provided uninsured motorist ("UM") coverage in the amount of $15,000.00 per person and $30,000.00 per accident, for which Nelson paid a premium of $60.00 per vehicle. Nelson's CSAA policy contained a provision which excluded UM coverage for any injury sustained while occupying an owned but uninsured vehicle ("owned but uninsured exclusion").[1] Nelson also owned a motorcycle which

---

[1] The relevant portion of the policy reads:

This coverage does not apply to bodily injury sustained by an insured person:

(1) While occupying a motor vehicle, other than the insured motor vehicle, owned by any insured person, or leased to any insured person, under a written contract for a period of six months or longer, or through being struck by such a motor vehicle.

he insured through a different insurer. Nelson expressly rejected UM coverage on the motorcycle.

On May 21, 1993, while riding the motorcycle, Nelson was seriously injured in an accident with an uninsured motorist. Nelson demanded $30,000.00 of CSAA, claiming that the UM coverages for each vehicle should be stacked pursuant to this court's line of authority represented by Allstate Ins. Co. v. Maglish, 94 Nev. 699, 586 P.2d 313 (1978). CSAA paid $15,000.00 to Nelson, but denied payment of the additional $15,000.00, arguing that it was not obligated, under Zobrist v. Farmers Ins. Exchange, 103 Nev. 104, 734 P.2d 699 (1987), to stack the UM coverages for any injuries sustained while using an owned but uninsured vehicle.

On May 25, 1995, Nelson filed a complaint against CSAA. On August 14, 1995, Nelson filed a second amended complaint claiming damages based on breach of contract, bad faith, unfair trade practices, fraud, unjust enrichment, and negligence.

On July 26, 1996, CSAA moved for summary judgment. On August 2, 1996, Nelson filed a countermotion for summary judgment and a motion for leave to file a third amended complaint asserting a class action. On August 26, 1996, the district court issued an order granting summary judgment in favor of CSAA on the grounds that pursuant to *Zobrist,* the owned but uninsured exclusion was "void to prevent payment of the statutory minimum ($15,000.00) but is valid to restrict any amount in excess thereof." The district court also denied Nelson's motion for summary judgment and dismissed his complaint with prejudice. Nelson now appeals that order.

## DISCUSSION

Nelson first argues that the district court erred in granting summary judgment because the owned but uninsured exclusion is void under *Zobrist* and State Farm Mut. Auto. Ins. v. Hinkel, 87 Nev. 478, 488 P.2d 1151 (1971), and therefore, the two coverages should have been stacked. We conclude this argument is meritless.

It is well settled that summary judgment is appropriate only where there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. NRCP 56(c). Furthermore, orders of the district court granting summary judgment are reviewed de novo. Bulbman, Inc. v. Nevada Bell, 108 Nev. 105, 110, 825 P.2d 588, 591 (1992). Questions of contract construction, in the absence of ambiguity or other factual issues, are suitable for determination by summary judgment. Ellison v. C.S.A.A., 106 Nev. 601, 603, 797 P.2d 975, 977 (1990). In the

absence of a violation of public policy, insurance contracts will be enforced as written. *Id.* The parties here agree that no genuine issues of material fact exist.

In *Hinkel,* this court held that an owned but uninsured exclusion was void because it violated the public policy enunciated in the former NRS 693.115, which required liability insurers to provide UM coverage. *Hinkel,* 87 Nev. at 481-82, 488 P.2d at 1153. In *Zobrist,* we narrowed the holding of *Hinkel* to some extent. In *Zobrist,* an insurance company insured several cars under one policy with $500,000.00 in UM coverage. This policy contained an owned but uninsured exclusion similar to the one at issue here. The insured was injured by an uninsured driver while operating an owned but uninsured vehicle. The insurer paid $15,000.00 to the insured, but argued that the owned but uninsured exclusion released it from any obligation to pay more. This court agreed with the insurer, holding that pursuant to NRS 690B.020,[2] "an exclusionary clause is void only to the extent that it would defeat the minimum security required by statute *but valid to prevent recovery in excess of the minimum."* *Zobrist,* 103 Nev. at 106, 734 P.2d at 700 (emphasis added).

The exclusion at issue in *Zobrist* is essentially identical to the one at issue in this case. Nelson is incorrect in his contention that *Zobrist* supports the proposition that the owned but uninsured exclusion at issue here is entirely void. Rather, *Zobrist* makes clear that the exclusion is void only to the extent that it would prevent Nelson from recovering the minimum UM benefits which NRS 690B.020 requires insurers to provide. Therefore, we conclude that the district court correctly determined that *Zobrist* does not require CSAA to stack Nelson's UM coverages.

Nelson next argues that the district court erred in granting

---

[2]NRS 690B.020 provides, in relevant part:

    1. Except as otherwise provided in this section and NRS 690B.035, no policy of insuring against liability arising out of the ownership, maintenance or use of any motor vehicle may be delivered or issued for delivery in this state unless coverage is provided therein or supplemental thereto for the protection of persons insured thereunder who are legally entitled to recover damages, from owners or operators of uninsured or hit-and-run motor vehicles, for bodily injury, sickness or disease, including death, resulting from the ownership, maintenance or use of the uninsured or hit-and-run motor vehicle. . . .

    2. The amount of coverage to be provided must not be less than the minimum limits for liability insurance for bodily injury provided for under chapter 485 of NRS [$15,000.00 per person, $30,000.00 per accident].

summary judgment because, if the owned but uninsured exclusion operates to prevent the UM coverages from being stacked, then he received no benefit in consideration for the additional premium which he paid for UM coverage on the second car. Therefore, he argues, the UM coverages must be stacked. We conclude that this argument is also without merit.

In *Maglish,* the insured purchased a single policy of automobile liability insurance, including UM coverage, for two vehicles. While operating an unowned vehicle in the course of his employment, the insured was injured in an accident with an uninsured motorist. The insurer denied his claim for benefits in connection with both vehicles, arguing that a limitation of liability clause prevented the insured from stacking the two policies. This court rejected the insurer's argument, holding that "the insured is entitled to recover damages to the full extent of personal coverage for which he has paid premiums." *Id.* at 702, 586 P.2d at 314-15. Because the insured had paid two separate premiums for UM coverage, the court reasoned, he was entitled to stack those coverages. *Id.*

Although there are certain factual similarities, the present case is distinguishable from *Maglish*. In *Maglish,* there was no exclusion of coverage written into the insurance contract; the insurer denied coverage based only on a clause which purported to limit recovery to the policy limits. If this clause had been read as the insurer urged, the insured would not, in any circumstances, have received a benefit from the second premium.

In this case, Nelson paid two premiums under his CSAA policy. Had he been an occupant of one of the two insured vehicles when injured by an uninsured motorist, he would have been entitled to stack his uninsured motorist coverage pursuant to *Maglish*. However, Nelson's coverage was expressly limited by the owned but uninsured clause. While CSAA was obligated to pay the statutory minimum despite this exclusion, the dictates of *Maglish* do not prohibit explicit limitations on coverage in a way that does not violate public policy.

Nelson also argues that because CSAA would have stacked non-excluded UM coverages, and because the premiums may have been computed with *Zobrist* in mind, the insurer had no actuarial justification for refusing to stack coverages where the owned but uninsured exclusion applies. However, we conclude the actuarial testimony had no bearing on Nelson's alleged expectations regarding stacked coverage beyond that mandated by *Zobrist*.

Therefore, we conclude that the district court properly found that CSAA was not contractually obligated to stack Nelson's UM coverage.