**Evelyn COLLINS, Plaintiff,**

v.

**FARMERS INSURANCE EXCHANGE, et al., Defendants.**

**No. CV–S–98–342–DWH(RJJ).**

United States District Court,
D. Nevada.

March 26, 1999.

---

4. In light of this conclusion, the court need not reach the issue of whether AHPC's notice of removal was timely.

H. Stan Johnson, M. Therese Kinnally, Cohen, Johnson, Day & Clayson, L.L.P, Las Vegas, NV, for plaintiff.

V. Andrew Cass, L. Kristopher Rath, Las Vegas, NV, for defendant.

## *ORDER*

HAGEN, District Judge.

Before the court is a motion (# 14) for summary judgment brought by defendant Farmers Insurance Exchange ("Farmers"). Plaintiff has opposed (# 31) and Farmers has replied (# 32). For the reasons stated below, Farmers's motion will be granted.

### I. *Factual Background*

On January 11, 1996, plaintiff Evelyn Collins was injured in an automobile accident while riding as a passenger in her daughter's 1994 Audi sedan which was being driven by her daughter, Angela Collins. Angela was cited as being the driver at fault in the accident. Amended Complaint ¶¶ 4, 9; Motion at 3. At the time of the accident, plaintiff and Angela were residing in the same home but each owned and maintained separate vehicles and each vehicle was insured under separate policies of insurance with Farmers. Amended Complaint ¶ 5; Motion at 3–4. When purchasing the insurance policy at issue here in October 1995, plaintiff did not receive a family discount (for having two separate insurance policies for two separate vehicles in one household) to reduce her insurance premiums even though she had previously received such a discount on earlier policies. Reply, Exh. A (Deposition of Monique Johnson) at 12–14. Although plaintiff did not request the discount, the insurance agent subsequently noticed that plaintiff should be receiving a family discount and she retroactively applied the discount. *Id.* at 14. The check crediting plaintiff with the amount of the discount since October 1995, approximately $180, was not sent to plaintiff until January 31, 1996, after the accident injuring plaintiff had occurred. *Id.* at 13–14.

After the accident, plaintiff brought a claim under Angela's insurance policy

since Angela was determined to be the driver at fault and received a $100,000 payment from Farmers for the bodily injury coverage policy limits. Amended Complaint ¶ 11; Motion at 11 n. 3. Because plaintiff alleges that she incurred damages in excess of $100,000, she then brought separate claims under the medical expense and underinsured motorist coverage provisions of her own insurance policy with Farmers. Amended Complaint ¶¶ 10, 12; Motion at 4. Plaintiff's own policy provides for uninsured or underinsured motorist coverage in the amount of $100,000 for each person and for medical expense coverage in the amount of $100,000. Amended Complaint ¶ 8.

With respect to plaintiff's underinsured motorist coverage claim, Farmers has declined to pay any amount in excess of $15,000, the minimum amount required under Nevada law, based upon the "owned but uninsured" exclusion in plaintiff's insurance policy. Amended Complaint ¶ 13. This exclusion, set forth under the portion of the insurance policy entitled "PART II—UNINSURED MOTORIST" states:

**Exclusions**

\*\*\*

4. This coverage does not apply to while **occupying** any vehicle owned by you or a **family member** for which insurance is not afforded under this policy or through being struck by that vehicle. This exclusion only applies to those **damages** which exceed the minimum limits of liability required by Nevada law for **Uninsured Motorist** Coverage.

Motion, Exh. B at 18 (emphasis in original). A family member is defined under plaintiff's policy as "a person related to you by blood, marriage or adoption who is a resident of your household." *Id.* at 15.

As to plaintiff's medical expense coverage claim, Farmers has paid plaintiff approximately $53,000. Amended Complaint ¶ 30; Motion at 11 n. 3. Farmers has declined requests to pay additional amounts because those requests concern medical services furnished to plaintiff more than two years after the date of the accident and those services are not covered by the policy. Amended Complaint ¶ 32. The medical expense coverage provision provides:

We will pay **reasonable expenses** for **necessary medical services** furnished within two years from the date of the **accident** because of **bodily injury** sustained by an **insured person.**

Motion, Exh. B at 18 (emphasis in original).

Plaintiff filed a complaint in state court on January 12, 1998 and served Farmers on January 23, 1998. Farmers removed (# 1) to federal court on February 24, 1998. On June 2, 1998 and after Farmers had filed its answer, plaintiff filed an amended complaint (# 8). The amended complaint was stricken by court order (# 9) on June 10, 1998 for failure to seek leave to file it. The court later granted (# 16) plaintiff's motion (# 11) for leave to file an amended complaint nunc pro tunc to June 2, 1998.

In the amended complaint (# 17), plaintiff alleges declaratory relief and estoppel claims for Farmers's failure to pay the full policy limits of $100,000 to plaintiff under the underinsured motorist coverage provision. Plaintiff also alleges declaratory relief and breach of contract claims for Farmers's failure to provide plaintiff with medical expense coverage until the policy limits of $100,000 are exhausted.

## II. *Analysis*

### A. Summary Judgment Standard

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The burden of demonstrating the absence of a genuine issue of material fact lies with the moving party, *Zoslaw v. MCA Distr. Corp.,* 693 F.2d 870, 883 (9th Cir.1982), and for this purpose, the material lodged by the moving party must be viewed in the light most favorable to the nonmoving party. *Ad-*

*ickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); *Baker v. Centennial Ins. Co.*, 970 F.2d 660, 662 (9th Cir.1992). A material issue of fact is one that affects the outcome of the litigation and requires a trial to resolve the differing versions of the truth. *S.E.C. v. Seaboard Corp.*, 677 F.2d 1301, 1306 (9th Cir.1982).

Once the moving party presents evidence that would call for judgment as a matter of law at trial if left uncontroverted, the respondent must show by specific facts the existence of a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

> [T]here is no genuine issue of fact for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted.

*Id.* at 249–50, 106 S.Ct. 2505 (citations omitted). "A mere scintilla of evidence will not do, for a jury is permitted to draw only those inferences of which the evidence is reasonably susceptible; it may not resort to speculation." *British Airways Board v. Boeing Co.*, 585 F.2d 946, 952 (9th Cir.1978). Moreover, if the factual context makes the nonmoving party's claim implausible, that party must come forward with more persuasive evidence than otherwise would be necessary to show there is a genuine issue for trial. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *California Architectural Bldg. Products, Inc. v. Franciscan Ceramics, Inc.*, 818 F.2d 1466, 1468 (9th Cir.1987).

In a diversity case, substantive summary judgment issues are determined by state law. *Bank of California v. Opie*, 663 F.2d 977, 980 (9th Cir.1981).

**B. Underinsured Motorist Insurance Claims**

In her declaratory relief claim, plaintiff alleges that the "owned but uninsured" exclusion is unenforceable because it is void against public policy and constitutes an adhesion contract. In her estoppel claim, plaintiff alleges that Farmers informed her and Angela that they could not purchase one insurance policy to cover both their vehicles and that they did not qualify for the family discount even though they were family members living in the same household. Plaintiff alleges that she purchased a separate policy in reliance on that misrepresentation and then was denied the benefits of the policy when Farmers construed plaintiff and Angela as family members under the "owned but uninsured" exclusion.

The court agrees with Farmers that the exclusion at issue is not contrary to Nevada public policy. In *Zobrist v. Farmers Ins. Exch.*, 103 Nev. 104, 734 P.2d 699 (1987), and *Nelson v. California State Auto. Ass'n Inter–Insurance Bureau*, 114 Nev. 345, 956 P.2d 803 (1998), the Nevada Supreme Court upheld the validity of "owned but uninsured" exclusions similar to the one at issue here. *Zobrist* and *Nelson* held that such exclusions were valid and consistent with Nevada public policy so long as they allowed an insured to recover the minimum uninsured or underinsured motorist benefits which NRS 690B.020 requires insurers to provide. Here, the exclusion explicitly states that it applies only to those damages which exceed the minimum benefits required under Nevada law. Thus, the exclusion in this case is consistent with Nevada public policy.

Nor is the exclusion unenforceable because it is part of an adhesion contract. In *Farmers Ins. Group v. Stonik By and Through Stonik*, 110 Nev. 64, 867 P.2d 389 (1994), the Nevada Supreme Court rejected a similar argument:

> An insurance policy is a contract of adhesion and should be interpreted broadly, affording the greatest possible coverage to the insured. Any ambiguity

in an insurance contract must be interpreted against the drafting party and in favor of the insured.

Yet in spite of these axioms, this court will not rewrite contract provisions that are otherwise unambiguous. In addition, we will not increase an obligation to the insured where such was intentionally and unambiguously limited by the parties.

*Id.* at 67, 867 P.2d 389 (citations omitted). The court continued on to uphold the validity of a challenged exclusion despite the fact that the policy was a contract of adhesion because the exclusionary language plainly limited the insurer's liability. *Id.* at 68, 867 P.2d 389; see also *Farmers Ins. Exch. v. Young,* 108 Nev. 328, 333, 832 P.2d 376 (1992) (rejecting insured's argument that under the "reasonable expectations doctrine" she was entitled to the full amount of coverage despite an applicable exclusion; mere fact that exclusion was part of a standardized insurance contract did not render it unenforceable absent a finding of ambiguity in the policy).

Here, as in *Stonik* and *Young,* the language of the exclusion is clear and its meaning is unambiguous. Plaintiff argues that an ambiguity arises from the fact that the original "face sheet" to the policy did not show that plaintiff was eligible for the family discount. However, there is nothing in the exclusion, or anywhere else in the policy, which connects premium discounts to the applicability of certain exclusions. Thus, plaintiff's argument has no merit. Accordingly, this court will not decline to enforce the exclusion simply because it is part of a standardized insurance policy that Nevada courts have recognized as constituting an adhesion contract. Thus, Farmers is entitled to summary judgment on plaintiff's declaratory relief claim concerning underinsured motorist coverage.

■ Plaintiff's estoppel claim must also fail because she has not raised a genuine issue of material fact as to the elements of estoppel. Under Nevada law, the elements of estoppel are as follows:

(1) the party to be estopped must be apprised of the true facts; (2) he must intend that his conduct shall be acted upon or must so act that the party asserting estoppel has the right to believe it was so intended; (3) the party asserting estoppel must be ignorant of the true state of facts; (4) he must have relied to his detriment on the conduct of the party to be estopped.

*NGA #2 Ltd. Liability Co. v. Rains,* 113 Nev. 1151, 946 P.2d 163, 169 (1997).

In opposing summary judgment, plaintiff relies only on portions of deposition testimony of plaintiff's insurance agent, Monique Johnson. The deposition testimony cited by plaintiff indicates that Farmers failed to initially provide a family discount to plaintiff and that Farmers retroactively applied such a discount only after plaintiff was injured in the accident. See Opp., Exh. 1 at 13. This evidence is insufficient to raise a disputed issue of material fact as to plaintiff's estoppel claim. Plaintiff produced no evidence that Farmers intended to induce plaintiff to rely on the absence of a family discount as confirmation that the "owned but uninsured" exclusion would not apply to her or that plaintiff actually relied on the absence of a family discount to her detriment. In fact, the deposition testimony of Johnson that Farmers attached to its reply brief demonstrates a lack of any intent to induce by Farmers. It shows that Farmers's failure to offer plaintiff the family discount initially was a purely an administrative oversight. See Reply, Exh. A at 12–14. Accordingly, defendant is entitled to summary judgment on plaintiff's estoppel claim concerning underinsured motorist coverage.

**C. Medical Expense Insurance Claims**

■ Plaintiff appears to have abandoned her medical expense insurance claims because she did not oppose Farmers's summary judgment motion as to those claims. See LR 7–2(d). The court agrees with Farmers that limiting coverage for medical expenses to those services

furnished within a certain time period following the accident is valid and not contrary to public policy so long as it is done "clearly and explicitly." See *Sullivan v. Dairyland Ins. Co.*, 98 Nev. 364, 649 P.2d 1357 (1982); *Fuerstenberg v. Mowell*, 63 Ohio App.2d 120, 409 N.E.2d 1035 (1978); *Johnson v. State Farm Mut. Auto. Ins. Co.*, 78 Ill.App.3d 144, 33 Ill.Dec. 466, 396 N.E.2d 1190 (1979); see also *United Services Auto Ass'n v. Schlang*, 111 Nev. 486, 894 P.2d 967 (1995) (finding plaintiff was not entitled to coverage for medical expenses incurred outside of the insurance policy limitation period). Here, the policy plainly limits liability for medical expenses to those services furnished within two years of the accident. Accordingly, Farmers is entitled to summary judgment on plaintiff's claims concerning failure to pay for medical services furnished outside of the policy's two-year limitation period.

### III. *Conclusion*

Accordingly, **IT IS ORDERED** that defendant's summary judgment motion (# 14) be GRANTED.