FARMERS INSURANCE EXCHANGE, Appellant, *v.* FLOSSIE NEAL, Respondent.

No. 37977

March 12, 2003                                      64 P.3d 472

---

[3]*Id.*

[4]*Id.* at 622, 6 P.3d at 468 (citing *Donrey of Nevada v. Bradshaw,* 106 Nev. 630, 635-36, 798 P.2d 144, 147-48 (1990)).

[5]*Grosjean,* 297 U.S. at 250.

*Lemons Grundy & Eisenberg* and *Tiffinay Barker Pagni,* Reno; *William C. Turner & Associates* and *David L. Riddle,* Las Vegas, for Appellant.

*Albert D. Massi, P.C.,* and *Allen A. Cap,* Las Vegas, for Respondent.

Before ROSE, MAUPIN and GIBBONS, JJ.

## OPINION

*Per Curiam:*

This is an appeal from a declaratory judgment finding that appellant Farmers Insurance Exchange must provide "Uninsured Motorist" (UM) benefits under an automobile liability policy in an amount that exceeds the minimum statutory requirements for such coverage. We conclude that the district court erred as a matter of law.

On November 5, 1996, respondent Flossie Neal was seriously injured in an automobile accident with a hit and run motorist. At the time of the accident, Flossie Neal resided with her daughter,

Regina Neal. Both mother and daughter owned their own motor vehicles; each vehicle was separately insured under automobile liability policies issued by Farmers. Both policies contained UM coverage endorsements, under which Farmers was obligated to pay benefits, up to the limits of coverage, for personal injury damages sustained by any person insured under the policies stemming from the legal liability of an uninsured motorist. Under NRS 690B.020(1) and (3)(f), the hit and run driver who injured Flossie Neal qualifies as an uninsured motorist.

Flossie Neal received the limits of UM coverage under the policy that covered her vehicle: $15,000. Claiming coverage as a resident relative of her daughter, Flossie Neal submitted a claim for additional benefits under her daughter's policy, which provided UM coverage limits in excess of the statutory minimum requirements, $15,000 per person injured in a single accident and an aggregate total of $30,000 for two or more persons injured in a single accident. Regina Neal's policy provided UM limits in the amount of $30,000 per person injured in a single accident.

Farmers agreed to pay the statutory minimum coverage of $15,000 under the second policy. However, pursuant to exclusionary language in Regina Neal's policy, the carrier denied coverage for the remainder of the limits.

Flossie Neal sought a judicial declaration that Farmers owed the entirety of the policy limits under the separate policy. The district court found the exclusion ambiguous and ruled in favor of Flossie Neal. Farmers appeals.

## DISCUSSION

Interpretation of a contract is a question of law that we review de novo.[1] An insurance policy is a contract that must be enforced according to its terms to accomplish the intent of the parties.[2] We view the language from the perspective of " 'one not trained in law' " and give plain and ordinary meaning to the terms.[3]

---

[1]*Musser v. Bank of America,* 114 Nev. 945, 947, 964 P.2d 51, 52 (1998) (citing *Grand Hotel Gift Shop v. Granite St. Ins.,* 108 Nev. 811, 815, 839 P.2d 599, 602 (1992)).

[2]*Lumbermen's Underwriting v. RCR Plumbing,* 114 Nev. 1231, 1235, 969 P.2d 301, 304 (1998) (citing *Burrows v. Progressive Casualty Ins.,* 107 Nev. 779, 781, 820 P.2d 748, 749 (1991)).

[3]*McDaniel v. Sierra Health & Life Ins. Co.,* 118 Nev 596, 599, 53 P.3d 904, 906 (2002) (quoting *National Union Fire Ins. v. Reno's Exec. Air,* 100 Nev. 360, 364, 682 P.2d 1380, 1382 (1984)).

Unambiguous provisions will not be rewritten;[4] however, ambiguities are to be resolved in favor of the insured.[5]

The exclusionary language upon which Farmers relies to restrict UM coverage to the statutory minimum reads as follows:

> This coverage does not apply while **occupying** any vehicle owned by you or a **family member** for which insurance is not afforded under this policy or through being struck by that vehicle. This exclusion only applies to those damages which exceed the minimum limits of liability required by Nevada law for **Uninsured Motorist** coverage.

We conclude that this exclusion is neither ambiguous nor is otherwise invalid.

We have held that exclusions protecting the insurer from claims in excess of the statutory minimum are valid.[6] Also, in *Farmers Insurance Exchange v. Young,* we noted the responsibility of the insured to read the insuring agreement and attach the plain meaning to the provisions therein.[7] Here, the policy clearly indicates that UM coverage is limited to statutory minimums where the named insured or an additionally insured family member is injured while occupying an owned vehicle not insured under the policy.

## CONCLUSION

The exclusion in Farmer's optional UM coverage is unambiguous and provides the statutory minimum for any claim. We have consistently upheld the validity of these types of exclusions; thus, the district court's declaratory judgment is reversed and the case is remanded to the district court for entry of judgment in accordance with this opinion.

---

[4]*Farmers Insurance Group v. Stonik,* 110 Nev. 64, 67, 867 P.2d 389, 391 (1994).

[5]*McDaniel,* 118 Nev. at 599, 53 P.3d at 906 (citing *National Union Fire Ins.,* 100 Nev. at 365, 682 P.2d at 1383).

[6]*See Nelson v. CSAA,* 114 Nev. 345, 348, 956 P.2d 803, 805 (1998); *Stonik,* 110 Nev. at 70, 867 P.2d at 392; *Farmers Ins. Exchange v. Young,* 108 Nev. 328, 331-32, 832 P.2d 376, 378-79 (1992); *Zobrist v. Farmers Ins. Exchange,* 103 Nev. 104, 106, 734 P.2d 699, 700 (1987).

[7]108 Nev. at 333 n.2, 832 P.2d at 379 n.2.