## IN THE SUPREME COURT OF THE STATE OF NEVADA

HARD ROCK HOTEL, INC., A NEVADA CORPORATION; HRHH HOTEL/CASINO, LLC, A DELAWARE LIMITED LIABILITY COMPANY; BROOKFIELD REAL ESTATE FINANCIAL PARTNERS, LLC, A DELAWARE LIMITED LIABILITY COMPANY; BROOKFIELD FINANCIAL, LLC-SERIES B, A DELAWARE LIMITED LIABILITY COMPANY; MORGANS HOTEL GROUP CO., A FOREIGN CORPORATION; MORGANS HOTEL GROUP MANAGEMENT, LLC, A NEVADA LIMITED LIABILITY COMPANY; CREDIT SUISSE HOLDINGS, (USA) INC., A FOREIGN CORPORATION; WARNER GAMING, LLC, A NEVADA LIMITED LIABILITY COMPANY; AND AMG MANAGEMENT, LLC,
Petitioners,
vs.
THE EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF CLARK; AND THE HONORABLE ELIZABETH GOFF GONZALEZ, DISTRICT JUDGE,
Respondents,
and
MACE MANAGEMENT GROUP, LLP, A NEVADA LIMITED LIABILITY COMPANY; AND MANDOWN, LLC, A NEVADA LIMITED LIABILITY COMPANY,
Real Parties in Interest.

No. 71274

**FILED**

FEB 2 7 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## *ORDER GRANTING PETITION FOR WRIT OF MANDAMUS*

This original petition for a writ of mandamus or prohibition challenges a district court order denying a motion to strike a demand for a jury trial.

17-06620

Having considered the parties' arguments and the record, we conclude that the jury trial waiver in the Mandown Nightclub Agreement applies to Mandown, LLC's tort claims (i.e., claims seven and eight) against petitioner HRHH Hotel/Casino (Hard Rock).[1] *See Int'l Game Tech., Inc. v. Second Judicial Dist. Court*, 124 Nev. 193, 198, 179 P.3d 556, 559 (2008) (recognizing that questions of law are reviewed de novo "even in the context of a writ petition"); *Farmers Ins. Exch. v. Neal*, 119 Nev. 62, 64, 64 P.3d 472, 473 (2003) ("Interpretation of a contract is a question of law that we review de novo."). Specifically, Mandown's tort claims against Hard Rock are premised in part on the allegation that Mr. Magliarditi misrepresented the profitability of the Vanity Nightclub in order to reduce the termination fee that would be owed to Mandown under the terms of the Agreement.[2] Because "Net Profits" and "termination fee" are both defined terms in the Agreement, we agree with petitioners that Mandown's tort claims necessarily "aris[e] out of" or "relat[e] to" the Agreement because those claims cannot be resolved without reference to the Agreement. *See Phoenix Leasing Inc. v. Sure Broadcasting, Inc.*, 843 F. Supp. 1379, 1388 (D. Nev. 1994) (observing that if the adjudication of a claim "would require reference to" a contract containing a jury trial waiver, then the claim necessarily "relat[es] to" that contract and is covered by the waiver); *Ex parte Cupps*, 782 So. 2d 772, 776 (Ala. 2000)

---

[1]It does not appear that the tort claims in the first amended complaint involve any of Mace Management Group's contracts. Thus, this order addresses only the Mandown Nightclub Agreement.

[2]While Mandown focuses on Mr. Magliarditi's misrepresentation as a means of delaying Mandown from pursuing litigation, it is undisputed that Mandown's complaint *also* alleged that Mr. Magliarditi's misrepresentation was meant to reduce the termination fee.

(indicating that "arising from" is more restrictive than "relating to" but nevertheless recognizing that a tort claim "arises from" a contract when that claim "cannot be resolved without a reference to or construction of the contract itself" (quotation omitted)). Thus, we conclude that writ relief is warranted insofar as the district court declined to apply the jury trial waiver to Mandown's tort claims against Hard Rock. *Int'l Game Tech.*, 124 Nev. at 198, 179 P.3d at 559; *Neal*, 119 Nev. at 64, 64 P.3d at 473.

We likewise conclude that the jury trial waiver covers those same claims with respect to the nonsignatory petitioners based on principles of equitable estoppel.[3] *See In re Harrison Living Trust*, 121 Nev. 217, 223, 112 P.3d 1058, 1062 (2005) (recognizing that "the existence of equitable estoppel is a question of law, which we review de novo" when the facts are undisputed); *cf. Buzz Stew, LLC v. City of N. Las Vegas*, 124 Nev. 224, 228, 181 P.3d 670, 672 (2008) (accepting as true the factual allegations in a plaintiff's complaint). In *Brantley v. Republic Mortgage Insurance Co.*, 424 F.3d 392 (4th Cir. 2005),[4] the Fourth Circuit Court of

---

[3]We are not persuaded by Mandown's suggestion that the nonsignatory petitioners should be equitably estopped from relying on the jury trial waiver. We also note that the nonsignatory petitioners are not seeking to enforce the waiver as third-party beneficiaries. *Cf. Arthur Andersen LLP v. Carlisle*, 556 U.S. 624, 631 (2009) (observing that a nonsignatory to a contract does not necessarily have to be a third-party beneficiary in order to enforce a contractual provision).

[4]Petitioners and Mandown both relied on cases from within the Fourth Circuit regarding arbitration provisions in briefing this matter. We note that the Fourth Circuit's framework for analyzing arbitration provisions appears to be the commonly used framework and that there does not appear to be a different framework that is used in the context of jury trial waivers.

Appeals set forth the following analytical framework regarding equitable estoppel:

> [E]quitable estoppel allows a nonsignatory to compel arbitration in two different circumstances. First, equitable estoppel applies when the signatory to a written agreement containing an arbitration clause must "rely on the terms of the written agreement in asserting its claims" against the nonsignatory. When each of a signatory's claims against a nonsignatory "makes reference to" or "presumes the existence of" the written agreement, the signatory's claims "arise out of and relate directly to the written agreement," and arbitration is appropriate. Second, "application of equitable estoppel is warranted when the signatory to the contract containing the arbitration clause raises allegations of substantially interdependent and concerted misconduct by both the nonsignatory and one or more of the signatories to the contract."

*Id.* at 395-96 (quoting *MS Dealer Serv. Corp. v. Franklin,* 177 F.3d 942, 947 (11th Cir. 1999) (alterations omitted).

Here, Mandown is equitably estopped under both circumstances. As explained previously, Mandown's tort claims necessarily "arise out of and relate directly to the [A]greement" because those claims "make[ ] reference to" and "presume[ ] the existence of" the Agreement. *Id.* Specifically, Mandown's tort claims against the nonsignatory petitioners are premised in large part on the allegations that Mr. Magliarditi, Mr. Moffett, and Ms. Hoyt misrepresented the profitability of the Vanity Nightclub in order to reduce the termination fee that would be owed to Mandown under the terms of the Agreement. Moreover, because Mandown's complaint alleges that these three people acted in concert in making those misrepresentations, Mandown's tort claims necessarily "raise[ ] allegations of substantially interdependent and

SUPREME COURT
OF
NEVADA

(O) 1947A

4

concerted misconduct" by the nonsignatory petitioners and Hard Rock. *Id.* Thus, we conclude that writ relief is warranted insofar as the district court declined to apply the jury trial waiver to Mandown's tort claims against the nonsignatory petitioners. *In re Harrison Living Trust*, 121 Nev. at 223, 112 P.3d at 1062; *Buzz Stew, LLC*, 124 Nev. at 228, 181 P.3d at 672.

Lastly, Mandown has acknowledged that it is not entitled to a jury trial on its equitable claims (i.e., claims six and eleven). Thus, writ relief is warranted insofar as the district court declined to apply the jury trial waiver to those claims. In light of the foregoing, we

ORDER the petition GRANTED and direct the clerk of this court to issue a writ of mandamus instructing the district court to vacate its September 2, 2016, order and to enter an order granting petitioners' motion to strike real parties in interest's demand for a jury trial with respect to the first amended complaint's sixth, seventh, eighth, and eleventh claims.[5]

_____, J.
Douglas

_____, J.
Gibbons

_____, J.
Pickering

cc: Hon. Elizabeth Goff Gonzalez, District Judge
Greenberg Traurig, LLP/Las Vegas
Rice Reuther Sullivan & Carroll, LLP
Shumway Van
Eighth District Court Clerk

---

[5]We deny petitioners' alternative request for a writ of prohibition.

SUPREME COURT
OF
NEVADA

(O) 1947A