NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 24 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

STATE FARM FIRE AND CASUALTY
COMPANY,

Plaintiff - Appellee,

v.

RICHARD HARRIS LAW FIRM,

Defendant - Appellant.

No. 24-2047

D.C. No.
2:22-cv-01015-GMN-DJA

MEMORANDUM*

Appeal from the United States District Court
for the District of Nevada
Gloria M. Navarro, District Judge, Presiding

Argued and Submitted April 1, 2025
Phoenix, Arizona

Before: W. FLETCHER, FISHER**, and R. NELSON, Circuit Judges.

This appeal addresses the issue of whether Harris Law Firm's insurance

policy covers the reduction in value to a third party's airplane, which resulted from

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The Honorable D. Michael Fisher, United States Circuit Judge for the
Court of Appeals, 3rd Circuit, sitting by designation.

damage caused by the firm's employees. In granting State Farm Casualty and Fire Company's motion for summary judgment, the district court determined that it does not. The district court had jurisdiction under 28 U.S.C. § 1332(a). We have jurisdiction under 28 U.S.C. § 1291 and review grants of summary judgment de novo. *Nev. VTN v. Gen. Ins. Co. of Am.*, 834 F.2d 770, 773 (9th Cir. 1987). Since the employees exercised "control" over the airplane, under the plain meaning of the insurance policy's "care, custody, or control" exclusion, we affirm.

First, Harris Law Firm argues that summary judgment was improperly granted because there exists a genuine dispute of material fact over who had control of the aircraft. Although it was the nonmoving party, Harris Law Firm had the burden of proving the aircraft was not in its care, custody, or control as contemplated by the policy. *See Zurich Am. Ins. Co. v. Ironshore Specialty Ins. Co.*, 497 P.3d 625, 651 (Nev. 2021) (en banc) (holding that the insured must prove that insurance coverage applies despite an exclusion). Harris Law Firm points to the aircraft's location in a shared hangar and an unwritten agreement between Harris Law Firm and the plane's owner, 720PC LLC, prohibiting law firm employees from touching the plane. However, evidence in the record establishes that law firm employees controlled the aircraft, triggering the exclusion. They physically maneuvered the aircraft to sit under the open hangar door, where it was ultimately damaged.

Second, Harris Law Firm argues that the "care, custody, or control" exclusion precludes coverage only where there is legal control of the damaged property. This is a matter of contract interpretation governed by Nevada law, which requires that we interpret provisions "from the perspective of 'one not trained in law' and give plain and ordinary meaning to the terms." *Farmers Ins. Exch. v. Neal*, 64 P.3d 472, 473 (Nev. 2003) (per curiam) (quoting *McDaniel v. Sierra Health & Life Ins. Co.*, 53 P.3d 904, 906 (Nev. 2002) (per curiam)). Although the policy does not define "care, custody, or control," the language of the exclusion "reveals clear meaning viewed in its plain, ordinary, and popular sense." *Starr Surplus Lines Ins. Co. v. Eighth Jud. Dist. Ct. in & for Cnty. of Clark*, 535 P.3d 254, 261 (Nev. 2023) (en banc).

To "control" personal property means "[t]o exercise power or influence over" it. *Control*, BLACK'S LAW DICTIONARY (12th ed. 2024). "Physical control is the hallmark of 'care, custody, and control' of another's property." 9 Jordan R. Plitt, et al., Couch on Insurance § 126:22 (3d ed. 2024 update) (collecting cases). Furthermore, neither Nevada law nor the plain text of the exclusion suggests that an insured needs legal control of the property for the exclusion to apply. Where the policy does require some form of legal control for liability coverage, it specifically so states. For example, Exclusion 12(a) excludes coverage for property rented by the insured, and Exclusion 12(c) excludes coverage for property loaned to the

24-2047

insured. Because we must read the policy "as a whole in order to give a reasonable and harmonious meaning and effect to all its provisions," we cannot read in requirements where there are none and when they are included elsewhere. *Nat'l Union Fire Ins. Co. v. Reno's Exec. Air, Inc.*, 682 P.2d 1380, 1383 (Nev. 1984). Simply put, legal control is not required to trigger the exclusion.

The record makes it clear that by removing wheel chocks and using a power dolly to maneuver the plane under the hangar door, Harris Law Firm controlled the plane. Therefore, the district court was correct in concluding that the exclusion applied.

**AFFIRMED.**