DOMINICK BOVE AND NANCY BOVE, AS HUSBAND AND WIFE, APPELLANTS, *v.* PRUDENTIAL INSURANCE COMPANY OF AMERICA, PRUDENTIAL PROPERTY & CASUALTY INSURANCE COMPANY AND WILLIAM KEVIN JOHNSTON, RESPONDENTS.

No. 20906

October 25, 1990                    799 P.2d 1108

---

*Jason A. Awad,* and *Michael V. Dentico,* Las Vegas, for Appellants.

*Vannah & Roark,* Las Vegas, for Respondents.

## OPINION

*Per Curiam:*

Appellants Dominick and Nancy Bove (Dominick and Nancy, respectively) owned three cars, a 1987 Oldsmobile, a 1979 Dodge, and a 1988 Pontiac, all of which were covered under the same insurance policy issued by Prudential. Each of the cars carried UM coverage of $25,000.00 per person or $50,000.00 per accident. On February 7, 1988, while driving his 1987 Oldsmobile, Dominick was struck by a vehicle driven by respondent William K. Johnston (Johnston). In connection with the accident, Johnston was cited with DUI, felony hit and run, and having no insurance. Dominick was seriously injured in the collision.

Because Johnston had no insurance, Dominick filed a claim with Prudential under the uninsured motorist (UM) coverage

provision in his policy. Prudential agreed that the provision applied, and paid Dominick $25,000.00, representing the single person limit for UM coverage on that policy. Dominick requested, however, that the $25,000.00 UM coverage limits on all his cars be "stacked," *i.e.*, combined to add up to a total limit of $75,000.00. Prudential denied this request on the basis of an anti-stacking clause contained in the contract. This provision read as follows:

### HOW WE WILL SETTLE A CLAIM (PART 4) LIMIT OF LIABILITY—BODILY INJURY: EACH PERSON

The limit stated under **UNINSURED MOTORISTS— EACH PERSON** on the Declarations is the limit of our liability for all damages, including damages for care or loss of services, arising out of bodily injury to one person as a result of any one accident.

### LIMIT OF LIABILITY—BODILY INJURY: EACH ACCIDENT

The limit stated under **UNINSURED MOTORISTS— EACH ACCIDENT** on the Declarations is the limit of our liability for all damages, including damages for care or loss of services, arising out of bodily injury as a result of any one accident.

### LIMIT OF COVERAGE

**IF YOU OR ANY OTHER PERSON INSURED UNDER THIS POLICY IS IN AN ACCIDENT:**

1. **IN A CAR THAT IS INSURED BY THIS POLICY—WE WILL NOT PAY MORE THAN THE LIMIT OF COVERAGES FOR THAT PARTICULAR CAR.**

2. **IN A CAR THAT IS NOT INSURED BY THIS POLICY OR WHILE A PEDESTRIAN—WE WILL NOT PAY FOR MORE THAN THE LIMIT OF COVERAGES WHICH YOU HAVE ON ANY ONE OF YOUR CARS.**

**THIS LIMIT OF COVERAGE APPLIES REGARDLESS OF THE NUMBER OF POLICIES, INSUREDS, INSURED CARS, CLAIMS MADE, OR CARS INVOLVED IN THE ACCIDENT OR LOSS. COVERAGES ON OTHER CARS INSURED BY US CANNOT BE ADDED TO OR STACKED ON THE COVERAGE OF THE PARTICULAR CAR INVOLVED.**

Appellants then brought a petition for declaratory judgment in which they asked the court to find this provision invalid, and order that the coverages be stacked. The court below refused to do so, holding that the limiting language quoted above complied with the clarity and prominence requirements of NRS 687B.145(1). The district court further held that Dominick had failed to produce any evidence tending to show that he had purchased separate coverage for the same risk or paid a premium calculated for full reimbursement under that coverage. This appeal followed.

The issue to be decided in this appeal is whether the anti-stacking clause contained in appellant's car insurance policy is valid under NRS 687B.145(1). For the reasons set forth below, we find that the district court did not properly consider the issue and, therefore, reverse so that the district court may correctly determine whether appellants purchased separate coverage on the same risk.

Prior to 1979, this court held that all anti-stacking provisions were void, and thus we allowed insureds to combine their coverage limits on separate policies. In 1979, however, the legislature passed NRS 687B.145(1), which authorized anti-stacking clauses under certain conditions.[1]

In Neumann v. Standard Fire Ins., 101 Nev. 206, 699 P.2d 101 (1985), we interpreted the new statute, holding that under NRS 687B.145(1), a valid anti-stacking clause must meet three requirements. First, the limiting provision must be expressed in clear language. Second, the provision must be prominently displayed in the document. Finally, the insured must not have purchased separate coverage on the same risk nor paid a premium calculated for full reimbursement under that coverage. *Id.* at 209, 699 P.2d at 103. We turn now to a discussion of whether the clause contained in Dominick's policy meets these requirements.

---

[1]NRS 687B.145(1) provides in pertinent part:

1. Any policy of insurance or endorsement providing coverage under the provisions of NRS 690B.020 or other policy of casualty insurance may provide that if the insured has coverage available to him under more than one policy or provision of coverage, any recovery of benefits may equal but not exceed the higher of the applicable limits of the respective coverages, and the recovery or benefits must be prorated between the applicable coverages in the proportion that their respective limits bear to the aggregate of their limits. Any provision which limits benefits pursuant to this section must be in clear language and be prominently displayed in the policy, binder, or endorsement. Any limiting provision is void if the named insured has purchased separate coverage on the same risk and has paid a premium calculated for full reimbursement under that coverage.

*Is the provision expressed in clear language?*

In *Neumann,* we held that anti-stacking provisions must be written in clear language. This court went on to explain that in order to be clear the clause should be neither ambiguous nor difficult to understand. *Id.* at 210, 699 P.2d at 104. Because the anti-stacking provision at issue in *Neumann* was confusing and difficult for a layman to comprehend, the clause was found to be invalid. *Id.*

This court again addressed the clarity requirement of NRS 687B.145(1) in Torres v. Farmers Ins. Exchange, 106 Nev. 340, 793 P.2d 839 (1990). In *Torres,* we held that anti-stacking language must be *truly comprehensible to the average insured. Id.* at 347, 793 P.2d at 843 (emphasis in original). The *Torres* court then concluded that the provision under consideration was not comprehensible in this manner and was therefore void under the statute. *Id.*

This court offered several reasons in support of its *Torres* decision. First, the clause failed to specify that the total UM coverage was limited to the highest coverage on any single vehicle. *Id.* Second, the provision did not specify that the limitation applied regardless of the number of separate UM premiums paid, or the number of vehicles covered. *Id.* at 347, 793 P.2d at 844. Third, the anti-stacking clause failed to state clearly that the limitation applied to insurance issued by Farmers, as well as other insurers. *Id.* at 347-48, 793 P.2d at 844. Finally, the limitation did not expressly state that the restriction applied regardless of whether insureds' vehicles were covered under single, multi-car, or separate policies. *Id.* at 348, 793 P.2d at 844.

Our decisions in *Neumann* and *Torres* reveal that the anti-stacking clause in Dominick's policy is sufficiently clear to pass muster under NRS 687B.145(1). The terms of the provision are written in clear, concise English, using simple terms such as "car" instead of "vehicle," and avoiding legal jargon such as "party in the first part," etc. Also, the provision is organized in a readable manner, with each of its different requirements broken into distinct sections. Moreover, the clause contains none of the defects enumerated in *Torres*—it specifically states: (1) that Prudential will not pay more than the UM coverage for the particular car; (2) that the limitation applies regardless of the number of vehicles covered or number of policies purchased; and (3) that the limitation applies to "this policy." In short, it would be hard to express a difficult concept such as stacking any more clearly than was done by this provision.

*Is the provision displayed prominently in the policy?*

The second requirement under NRS 687B.145(1) is that any anti-stacking provision must be prominently displayed. In *Neumann,* we held that in order to meet this requirement, the clause must direct the reader's attention toward the critical language, and "have greater prominence than other provisions." *Neumann,* 101 Nev. at 211, 699 P.2d at 105. We then reasoned that because the entire document at issue contained large, double-spaced print, the fact that the anti-stacking clause was also displayed in this manner did not create sufficient prominence under the statute. *Id.*

Applying the *Neumann* test to this case reveals that the anti-stacking clause was prominently displayed. Appellants contend that because the provision was not contained in the first of two documents that comprised the policy, it failed to meet the statutory requirement. This argument misses the thrust of the statute's meaning, however, for the question is one of prominence, not of immediacy. Here, the provision appears at the beginning of the second document in a section entitled: "PART 4 UNINSURED MOTORISTS." The anti-stacking clause is then set apart from the rest of the section by virtue of the subheading "LIMIT OF COVERAGE." The reader's attention is directed toward this provision because it is the only part of the policy containing an entire section (18 lines) in bold-faced capital letters. By comparison, no other part of the policy has more than two lines printed in such a manner. Because the provision was displayed in this way, it complied with the second requirement of the statute.

*Did Dominick purchase separate coverage for the same risk or pay a premium calculated for full reimbursement under that coverage?*

The final requirement under NRS 687B.145(1) is that an anti-stacking clause cannot be used to force the insured to purchase separate coverage for the same risk or pay a premium calculated for full reimbursement under that coverage. The court below found that appellants failed to produce any evidence in support of their claim on this issue. This finding was made prior to *Torres,* however, in which we clearly stated that "the burdens of persuasion and production on the issue of the validity of an anti-stacking clause . . . rest on the insurer." *Torres,* 106 Nev. at 346, 793 P.2d at 842.[2]

---

[2]This finding also ignored the fact that appellants attached to their petition for declaratory relief a copy of their most recent insurance bill, which plainly showed that the Bove's were charged separate UM premiums of $23.00, $22.00, and $22.00 respectively, per six month period, for each car insured under the policy.

Although *Torres* did not specifically deal with the double premium issue, we believe that placing the burden of proof on the insurer is especially appropriate in this area. First, the insurer has ample access to the documents that are needed in order to determine whether double premiums have been paid on the same risk. Second, the insurer possesses the expertise needed to explain and justify any added premiums. In short, much of the essential evidentiary material is already within the insurer's control, and thus it is proper to require that the insurer be given the duty of presenting such evidence to the court.[3] Because the court below erroneously placed the burden of proof on the insured, we remand this matter to the district court for further proceedings consistent with the views expressed herein.[4]

---

[3]At oral argument, even respondent agreed that the burden of proof correctly rested with the insurance companies.

[4]THE HONORABLE THOMAS L. STEFFEN, Justice, voluntarily recused himself from participation in the decision of this appeal.