Kenneth PIRKLE, Plaintiff–Appellant,

v.

**NATIONAL AMERICAN INSURANCE COMPANY OF CALIFORNIA,** Defendant–Appellee.

No. 04–17013.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 18, 2006.

Filed Oct. 30, 2006.

---

Nicholas F. Frey, Esq., Mark C. Wenzel, Esq., Burton, Bartlett & Glogovac, Herb J. Santos, Esq., Law Firm of Herb Santos, Jr., Reno, NV, for Plaintiff–Appellant.

Larry Panek, Carroll, Burdick & McDonough, Walnut Creek, CA, William K. Skaggs, Esq., Benson Bertoldo Baker & Carter, Phillip V. Tiberi, Esq., Tuverson & Hillyard, Las Vegas, NV, for Defendant–Appellee.

---

* The Honorable Sandra Day O'Connor, Associate Justice of the United States Supreme Court (Ret.), sitting by designation pursuant to 28 U.S.C. § 294(a).

Before: O'CONNOR,* Associate Justice, Retired, and GRABER and TALLMAN, Circuit Judges.

## MEMORANDUM **

Plaintiff Kenneth Pirkle appeals the district court's order granting summary judgment in favor of Defendant National American Insurance Company of California on his insurance claim. We affirm.

The district court properly determined that Plaintiff cannot "stack" insurance coverages under his employer's insurance policy, because that policy contains a valid "anti-stacking" provision under Nevada law. See Nev.Rev.Stat. 687B.145(1) (allowing insurers to prevent stacking by including an anti-stacking provision meeting three requirements). First, the anti-stacking provision is clear. See Nationwide Mut. Ins. Co. v. Coatney, 118 Nev. 180, 42 P.3d 265, 266 (2002) (approving clarity of text nearly identical to this provision's text). Second, the provision is prominently displayed in "bold-faced capital letters." Bove v. Prudential Ins. Co. of Am., 106 Nev. 682, 799 P.2d 1108, 1111 (1990). Third, the insurance premiums did not cover the same risk. The insurer introduced evidence that separate, equal premiums were paid per vehicle, the policy covered more drivers than insured vehicles, and the premiums therefore covered separate risks. Furthermore, the policy terms and premium payments are not disputed, and Plaintiff failed to introduce admissible evidence that raised a genuine issue of material fact. See Coatney, 42 P.3d at 268 (finding third requirement met, based in part on plaintiffs' "fail[ure] to produce any evidence to refute" the insurer's evidence).[1]

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. We also note that, although Nevada courts

We need not and do not reach the district court's alternative ground concerning classification of "class one" and "class two" insureds.

AFFIRMED.

have never addressed the issue, other jurisdictions have "almost unanimously" rejected stacking in the context of a commercial fleet insurance policy. *Lee v. Ins. Co. of N. Am.*, 70 Haw. 120, 763 P.2d 567, 570 n. 3 (1988) (citing numerous cases from other jurisdictions).

