

FILED

NOT FOR PUBLICATION

JAN 09 2015

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| YAIR JACKOBY, | No. 12-16917 |
| Plaintiff-Appellant, | D.C. No. 3:11-cv-0307-LRH-WGC |
| v. | |
| GEICO GENERAL INSURANCE COMPANY, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Nevada
Larry R. Hicks, District Judge, Presiding

Argued and Submitted November 21, 2014*
San Francisco, California

Before: GOULD and WATFORD, Circuit Judges, and OLIVER, Chief District
Judge.**

---

  *    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

  **    The Honorable Solomon Oliver, Jr., Chief District Judge for the U.S.
District Court for the Northern District of Ohio, sitting by designation.

Yair Jackoby ("Jackoby") appeals the order of the district court denying him summary judgment and granting summary judgment in favor of GEICO General Insurance Company ("GEICO") in Jackoby's action for underinsured/uninsured motorist ("UIM") benefits. Jackoby maintains that the anti-stacking provision in his GEICO automobile insurance policy is ambiguous and did not preclude the stacking of multiple insurance coverage limits when he was injured in an accident while riding a bicycle.[1] We review the district court's grant of GEICO's motion and the denial of Jackoby's motion *de novo*. *CRM Collateral II, Inc. v. TriCounty Metro. Transp. Dist.*, 669 F.3d 963, 968 (9th Cir. 2012). We reverse.

## I

Under Nevada law, a valid anti-stacking provision must be clear and prominently displayed, and the policyholder must not have purchased separate coverage on the same risk. Nev. Rev. Stat. § 687B.145(1); *Nationwide Mut. Ins. Co. v. Coatney*, 42 P.3d 265, 267 (Nev. 2002). Anti-stacking language is unambiguous if it is "*truly comprehensible to the average insured.*" *Bove v. Prudential Ins. Co. of Am.*, 799 P.2d 1108, 1110 (Nev. 1990). Furthermore, "'any ambiguity or uncertainty in an insurance policy must be construed against the insurer and in favor of the

---

[1] The parties are familiar with the facts of this case, so we will not recount them here, except as necessary to explain our decision.

2

insured.'" *Century Sur. Co. v. Casino W., Inc.*, 677 F.3d 903, 908 (9th Cir. 2012) (quoting *Benchmark Ins. Co. v. Sparks*, 254 P.3d 617, 621 (Nev. 2011)).

The district court erred when it determined that the anti-stacking provision was clear and unambiguous. The anti-stacking provision at issue states:

> IF *YOU* OR ANY OTHER *INSURED* IS IN AN ACCIDENT:
>
> (A)   IN AN *INSURED AUTO* WE WILL NOT PAY MORE THAN THE LIMIT OF COVERAGE FOR THAT PARTICULAR *INSURED AUTO*.
>
> (B)   IN A MOTOR VEHICLE OTHER THAN *YOUR INSURED AUTO* OR WHILE AS A PEDESTRIAN, WE WILL NOT PAY MORE THAN THE LIMIT OF COVERAGE WHICH YOU HAVE ON ANY ONE OF *YOUR INSURED AUTOS*.
>
> THIS LIMIT OF COVERAGE APPLIES REGARDLESS OF THE NUMBER OF POLICIES, *INSUREDS*, *YOUR INSURED AUTOS*, CLAIMS MADE OR MOTOR VEHICLE INVOLVED IN THE ACCIDENT. COVERAGES ON OTHER MOTOR VEHICLES INSURED BY US CANNOT BE ADDED OR STACKED ON THE COVERAGE OF *YOUR INSURED AUTO* THAT COVERS THE LOSS.

While it is clear that the final sentence limits stacking in instances where the policyholder is involved in an accident while in a motor vehicle or as a pedestrian, it is not clear whether that prohibition on stacking applies in the many different factual circumstances not specified. The first sentence of the final paragraph explicitly refers

3

back to Sections A and B. Because the final sentence of the paragraph is not set off from the preceding sentence, a reasonable insured would read the final sentence as also referring to Sections A and B. A reasonable insured would not presume that the final sentence limited stacking in factual circumstances not specified in Sections A and B, such as in this case, where an individual is involved in an accident while riding a bicycle. Construing the ambiguity in the provision against the insurer, this court concludes that the provision does not clearly cover such circumstances and, therefore, does not comply with Nev. Rev. Stat. § 687B.145(1). Thus, the anti-stacking provision is void and unenforceable. *Coatney*, 42 P.3d at 267.

## II

This court acknowledges that it is bound by decisions of the Nevada Supreme Court and must "approximate state law as closely as possible." *Gee v. Tenneco, Inc.*, 615 F.2d 857, 861 (9th Cir. 1980). However, this court does not find, as argued by GEICO, that *Bove* and *Coatney* are binding or persuasive authority regarding whether the anti-stacking provision is ambiguous under the circumstances of this case. While it is true that *Bove* and *Coatney* found anti-stacking provisions employing language similar to that in this case to be unambiguous and in compliance with Nev. Rev. Stat. § 687B.145(1), those cases are distinguishable because in each case the insured was injured while riding in an automobile, a circumstance explicitly covered by the anti-

4

stacking provision. *See Bove*, 799 P.2d at 1109–10; *Coatney*, 42 P.3d at 266–68. Neither side cited to any authority where a plaintiff sued for UIM benefits after having been injured while on a bicycle or in a factual scenario not explicitly covered under the terms of the anti-stacking provision.

### III

We reverse the district court's order granting GEICO's motion for summary judgment and denying Jackoby's cross-motion for summary judgment. We remand this case to the district court for a determination of Jackoby's actual damages.

**REVERSED** and **REMANDED.**

*Jackoby v. GEICO General Insurance* Co., 12-16917

GOULD, Circuit Judge, dissenting:

I respectfully dissent from the majority's decision to reverse the district court's grant of summary judgment in favor of GEICO and denial of summary judgment for Jackoby. Nevada interprets ambiguities in an insurance contract against the drafter, here the insurer. *Century Sur. Co. v. Casino W., Inc.*, 329 P.3d 614, 616 (Nev. 2014). But I would affirm and conclude that Geico properly denied stacking Jackoby's UIM coverages. All factors relevant under Nevada law when construing an ambiguous insurance policy, including an aim to effectuate the "insured's *reasonable* expectations," in my view support denying Jackoby unwarranted coverage in this case. *Century Sur. Co.*, 329 P.3d at 616 (emphasis added); *see Nat'l Union Fire Ins. Co. v. Ceasars Palace Hotel & Casino*, 792 P.2d 1129, 1130 (Nev. 1990). I do not believe Jackoby had a "reasonable expectation" to triple his UIM benefits simply because he was on a bicycle instead of in a car or on foot when injured. Even if "bicycle" had been expressly listed in his policy, we would have the same problem if Jackoby had instead been on a skateboard or in a rickshaw.

Further, I do not believe that the majority's factual distinction of this case from the Nevada Supreme Court's decisions in *Nationwide Mut. Ins. Co. v.*

1

*Coatney*, 42 P.3d 265 (Nev. 2002) and *Bove v. Prudential Ins. Co. of Am.*, 799 P.2d 1108 (Nev. 1990) approximates state law "as closely as possible." *U.S. Fid. & Guar. Co. v. Lee Investments, LLC*, 641 F.3d 1126, 1133 (9th Cir. 2011). I do not conclude that the Nevada Supreme Court, which held in *Coatney* and *Bove* that substantially similar anti-stacking language was unambiguous, would distinguish this case on the grounds stated by the majority, which distinguishes this case from *Coatney* and *Bove* without discussing why its factual distinction supports a different result. Instead, I would consider the results in *Coatney* and *Bove* to point strongly in the opposite direction in this case. The anti-stacking language in Jackoby's UIM policy was clear under those decisions, and we should hold that the Nevada Supreme Court likely would continue along the same well-beaten path if it encountered a case like Jackoby's. I am concerned that the majority's decision to distinguish Nevada precedent in this case puts the decision in conflict with policies of federalism and those underlying *Erie v. Tompkins*, 304 U.S. 64 (1938). The result is not only an injustice to the insurer in this case, but a risk that insurers writing policies to consumers in the states within our circuit will have to charge higher premiums to cover the un-discerned risks flowing from our decision today in this case.

2