MEMORANDUM
Yair Jackoby (“Jackoby”) appeals the order of the district court denying him summary judgment and granting summary judgment in favor of GEICO General Insurance Company (“GEICO”) in Jackoby’s action for underinsured/uninsured motorist (“UIM”) benefits. Jackoby maintains that the anti-stacking provision in his GEICO automobile insurance policy is ambiguous and did not preclude the stacking of multiple insurance coverage limits when he was injured in an accident while riding a bicycle.[1] We review the district court’s grant of GEICO’s motion and the denial of Jackoby’s motion de novo. CRM Collateral II, Inc. v. TriCounty Metro. Transp. Dist., 669 F.3d 963, 968 (9th Cir.2012). We reverse.
I
Under Nevada law, a valid anti-stacking provision must be clear and prominently displayed, and the policyholder must not have purchased separate coverage on the same risk. Nev.Rev.Stat. § 687B.145(1); Nationwide Mut. Ins. Co. v. Coatney, 118 Nev. 180, 42 P.3d 265, 267 (2002). Anti- *546 stacking language is unambiguous if it is “truly comprehensible to the average insured.” Bove v. Prudential Ins. Co. of Am., 106 Nev. 682, 799 P.2d 1108, 1110 (1990). Furthermore, “ ‘any ambiguity or uncertainty in an insurance policy must be construed against the insurer and in favor of the insured.’ ” Century Sur. Co. v. Casino W., Inc., 677 F.3d 903, 908 (9th Cir.2012) (quoting Benchmark Ins. Co. v. Sparks,—Nev.-, 254 P.3d 617, 621 (2011)).
The district court erred when it determined that the anti-stacking provision was clear and unambiguous. The anti-stacking provision at issue states:
IF YOU OR ANY OTHER INSURED IS IN AN ACCIDENT:
(A) IN AN INSURED AUTO WE WILL NOT PAY MORE THAN THE LIMIT OF COVERAGE FOR THAT PARTICULAR INSURED AUTO.
(B) IN A MOTOR VEHICLE OTHER THAN YOUR INSURED AUTO OR WHILE AS A PEDESTRIAN, WE WILL NOT PAY MORE THAN THE LIMIT OF COVERAGE WHICH YOU HAVE ON ANY ONE OF YOUR INSURED AUTOS.
THIS LIMIT OF COVERAGE APPLIES REGARDLESS OF THE NUMBER OF POLICIES,. INSUREDS, YOUR INSURED AUTOS, CLAIMS MADE OR MOTOR VEHICLE INVOLVED IN THE ACCIDENT. COVERAGES ON OTHER MOTOR VEHICLES INSURED BY U.S. CANNOT BE ADDED OR STACKED ON THE COVERAGE OF YOUR INSURED AUTO THAT COVERS THE LOSS.
While it is clear that the final sentence limits stacking in instances where the policyholder is involved in an accident while in a motor vehicle or as a pedestrian, it is not clear whether that prohibition on stacking applies in the many different factual circumstances not specified. The first sentence of the final paragraph explicitly refers back to Sections A and B. Because the final sentence of the paragraph is not set off from the preceding sentence, a reasonable insured would read the final sentence as also referring to Sections A and B. A reasonable insured would not presume that the final sentence limited stacking in factual circumstances not specified in Sections A and B, such as in this case, where an individual is involved in an accident while riding a bicycle. Construing the ambiguity in the provision against the insurer, this court concludes that the provision does not clearly cover such circumstances and, therefore, does not comply with Nev.Rev. Stat. § 687B.145(1). Thus, the anti-stacking provision is void and unenforceable. Coatney, 42 P.3d at 267.
II
This court acknowledges that it is bound by decisions of the Nevada Supreme Court and must “approximate state law as closely as possible.” Gee v. Tenneco, Inc., 615 F.2d 857, 861 (9th Cir.1980). However, this court does not find, as argued by GEICO, that Bove and Coatney are binding or persuasive authority regarding whether the anti-stacking provision is ambiguous under the circumstances of this case. While it is true that Bove and Coat-ney found anti-stacking provisions employing language similar to that in this case to be unambiguous and in compliance with Nev.Rev.Stat. § 687B.145(1), those cases, are distinguishable because in each case the insured was injured while riding in an automobile, a circumstance explicitly covered by the anti-stacking provision. See Bove, 799 P.2d at 1109-10; Coatney, 42 P.3d at 266-68. Neither side cited to any authority where a plaintiff sued for UIM benefits after having been injured while on *547 a bicycle or in a factual scenario not explicitly covered under the terms of the anti-stacking provision.
Ill
We reverse the district court’s order granting GEICO’s motion for summary judgment and denying Jackoby’s cross-motion for summary judgment. We remand this case to the district court for a determination of Jackoby’s actual damages.
REVERSED and REMANDED.

. The parties are familiar with the facts of this case, so we will not recount them here, except as necessary to explain our decision.