GOULD, Circuit Judge,
dissenting:
I respectfully dissent from the majority’s decision to reverse the district court’s grant of summary judgment in favor of GEICO and denial of summary judgment for Jackoby. Nevada interprets ambiguities in an insurance contract against the drafter, here the insurer. Century Sur. Co. v. Casino W, Inc.,—Nev.-, 329 P.3d 614, 616 (2014): But I would affirm and conclude that Geico properly denied stacking Jackoby’s UIM coverages. All factors relevant under Nevada law when construing an ambiguous insurance policy, including an aim to effectuate the “insured’s reasonable expectations,” in my view support denying Jackoby unwarranted coverage in this case. Century Sur. Co., 329 P.3d at 616 (emphasis added); see Nat’l Union Fire Ins. Co. v. Ceasars Palace Hotel & Casino, 106 Nev. 330, 792 P.2d 1129, 1130 (1990). I do not believe Jacko-by had a “reasonable expectation” to triple his UIM benefits simply because he was on a bicycle instead of in a car or on foot when injured. Even if “bicycle” had been • expressly listed in his policy, we would have the same problem if Jackoby had instead been on a skateboard or in a rickshaw.
Further, I do not believe that the majority’s factual distinction of this case from the Nevada Supreme Court’s decisions in Nationwide Mut. Ins. Co. v. Coatney, 118 Nev. 180, 42 P.3d 265 (2002) and Bove v. Prudential Ins. Co. of Am., 106 Nev. 682, 799 P.2d 1108 (1990) approximates state law “as closely as possible.” U.S. Fid. & Guar. Co. v. Lee Investments, LLC, 641 F.3d 1126, 1133 (9th Cir.2011). I do not conclude that the Nevada Supreme Court, which held in Coatney and Bove that substantially similar anti-stacking language was unambiguous, would distinguish this case on the grounds stated by the majority, which distinguishes this case from Coatney and Bove without discussing why its factual distinction supports a different result. Instead, I would consider the results in Coatney and Bove to point strongly in the opposite direction in this case. The anti-stacking language in Jackoby’s UIM policy was clear under those decisions, and we should hold that the Nevada Supreme Court likely would continue along the same well-beaten path if it encountered a case like Jackoby’s. I am concerned that the majority’s decision to distinguish Nevada precedent in this case puts the decision in conflict with policies of federalism and those underlying Erie v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). The result is not only an injustice to the insurer in this case, but a risk that insurers writing policies to consumers in the states within our circuit will have to charge higher premiums to cover the un-discerned risks flowing from our decision today in this case.